*William F. Brennan,* with him *John R. Umsted,* for appellant, cited, among other cases: Kenworthy v. Equitable Trust Co. 218 Pa. 286.

*James W. Laws, Augustus F. Daix, Jr., Joseph C. Rodel, Thomas J. Norris* and *Theodore F. Jenkins,* for appellees, were not heard.

PER CURIAM, February 2, 1920:

After considering the painstaking argument of counsel for appellant, we are not convinced of error; the decree of the court below is affirmed on the opinion of Judge FERGUSON, appellant to pay the costs.

---

## Tabor, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Grade crossing — Passageway between depot and platform—Gate—Overhead bridge—Licensee—Duty to warn licensee—Contributory negligence—Choice of ways—Foggy weather.*

1. One who uses a grade passageway, leading from a railroad station to the platform on the opposite side of the tracks at a point in the intertrack fence where there is a gate partly open, for the purpose of getting a package left by the railway company upon the platform, when there are stairways on either side of the tracks to an overhead bridge, is at most a mere licensee to whom the railway company owes only the duty to abstain from inflicting upon him either intentional or wanton or wilful injury by the operation of its trains.

2. One who attempts to use such crossing in a dense fog when he could have reached the platform by the overhead bridge, is guilty of such negligence as to preclude recovery for injuries sustained by being struck by a train.

Argued January 6, 1920.   Appeal, No. 40, January T., 1919, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1913, No. 1509, refusing to take off

compulsory nonsuit in the case of Mathias Tabor v.
Philadelphia & Reading Railway Company.    Before
BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMP-
SON and KEPHART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.
Before WESSEL, J.

At the close of the plaintiff's testimony the court di-
rected a nonsuit to be entered for the reasons stated by
WESSEL, J., as follows:

The Philadelphia & Reading Railway Company, on
September 26, 1913, operated a two-track railroad be-
tween the central part of the City of Philadelphia and
Chestnut Hill, which forms part of that city.    Along
the line of that road it had constructed and on the date
mentioned was maintaining a station which was known
as "Graver's."    At the station the two tracks were sepa-
rated by a fence which extended between them for about
the length of the station platforms.    On the westerly
side of the tracks defendant had constructed a platform
and erected a building which was used as a station,
while on the easterly side there was merely a platform
and a small open shelter.    Communication between the
two platforms was had by means of a crossing and at
that point the interline fence was broken by a gate which
was opened by moving it in a southerly direction along
the fence.    Graver's Station is at that point below grade
and the public highway by which the station is reached
is carried across the two-track railroad of the defendant
by a bridge.    The photograph which is in evidence shows
that the bridge can be reached by a stairway on either
side of the railroad tracks.

On September 26, 1913, the plaintiff in this case,
Mathias Tabor, was working for Mr. Lea in Chestnut
Hill.    It was part of his duty to go to Graver's Station
for the purpose of securing some bread which had been
sent out from the central part of the city in a train over
the defendant's road.    On the morning in question plain-

tiff went to Graver's Station, arriving there about half-past six o'clock. A train, which had been standing on the easterly track, was about proceeding in a northerly direction. Tabor, therefore, waited on the westerly platform until after the train had started, when he proceeded to start to cross the tracks going from the westerly platform and reaching as far as the interline fence. When he reached the fence he found the gate partly open and started to push it in a southerly direction to enlarge the opening, when a train, which was proceeding in a southerly direction on the westerly track, struck him and he was injured. · He claims that the morning was very foggy; that he was unable to see a distance of more than four or five steps; that he heard no bell or whistle nor any warning of the approaching train; that he was struck and rendered unconscious. In that accident he lost his right arm and was otherwise injured.

He now claims defendant's negligence caused the injuries, and that it should compensate him for his loss. I am unable to agree with that view of the law. The plaintiff in this case was neither a passenger nor an employee of the defendant company. He was there on his own business, attending to his own duties, and at most was a mere licensee. The only duty which defendant owed him under the circumstances was to abstain from inflicting upon him either intentional or wanton or wilful injury. There is no evidence in this case that defendant failed in the performance of its duty in that regard. In addition to this, I am of opinion that plaintiff was guilty of such negligence as to preclude a recovery. He was, on the morning in question, approaching a dangerous crossing. According to his evidence, the fog was dense and his view was very limited. He, therefore, was charged under the law with knowledge of the dangers which then existed and of his duty in the premises. He had a safe course to pursue. He could easily have gone up the steps, over the bridge and down on the easterly platform, secured the bread and attended to his business.

1920.]    Opinion of Court below—Opinion of the Court.

Instead of doing that he took the dangerous course of attempting, in a dense fog, to cross the southbound railroad track, enlarge the opening in the gate, pass through it and over the northbound track. In my view of the law that was such negligence on his part as precludes a recovery in this action. I therefore sustain defendant's motion and enter a nonsuit.

The court consequently refused to take off the nonsuit. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*Thomas F. Gain,* for appellant.

*William Clarke Mason,* for appellee, was not heard.

PER CURIAM, February 2, 1920:

That the nonsuit in this case was proper, conclusively appears from the remarks of the learned trial judge directing it to be entered, and the appeal from the refusal to take it off is dismissed.

Judgment affirmed.

———————————

# Nadazny, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Shifting cars—Injury to workman engaged in unloading car—Notice of his presence—Question for jury.*

1. The question of a railroad company's negligence is for the jury where the evidence tends to prove that the deceased, an employee of another person, was killed by defendant's shifting train striking violently against a car in which he was at work unloading coal, so that he fell or was thrown on the track and crushed by the train, and that the conductor of the shifting train had notice before the accident that a man was at work in the car, although the evidence tending to show notice, in time to have prevented the accident, was not entirely clear.